UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CR-00125-F
No. 7:13-CV-00230-F

| | |
|---|---|
| **Eddie William Hall**, | |
| Petitioner, | |
| v. | **Memorandum & Recommendation** |
| **United States of America**, | |
| Respondent. | |

Petitioner Eddie William Hall, proceeding under 28 U.S.C. § 2255, seeks to vacate, set aside, or correct his original sentence of 72 months of imprisonment[1] imposed in connection with his guilty plea to conspiracy to distribute and possess with the intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("Motion to Vacate"). Hall argues that he is entitled to relief because he was sentenced in violation of *Alleyne v. United States*, 133 S.Ct. 2151 (2013), *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), and the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The Government responds that Hall is not entitled to relief because his motion was untimely, and *Alleyne*, *Simmons*, and the Fair Sentencing Act do not apply to his case.

After reviewing the docket and the arguments of the parties, it appears that Hall is not entitled to the relief he seeks because his Motion to Vacate was untimely, and the authority on which he relies has no bearing on his case. Therefore, the undersigned recommends[2] that the

---

[1] Hall's sentence was reduced to 57 months of imprisonment on November 3, 2014. The reduced sentence becomes effective on November 11, 2015. D.E. 268.
[2] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

court deny Hall's Motion to Vacate (D.E. 225) and grant the Government's Motion to Dismiss (D.E. 241).

## I. Background

In January 2012, Hall entered a guilty plea, pursuant to a written plea agreement, to conspiracy to distribute and possession with the intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("Count One"). As a result of his guilty plea, the court entered a judgment on July 20, 2012, requiring him to serve a 72-month prison sentence. Over a year after the court entered its judgment, Hall attempted to appeal his original sentence to the Fourth Circuit Court of Appeals in December 2013. However, he later voluntarily dismissed his appeal. Hall filed a Motion to Vacate on October 24, 2013, and the Government responded by filing a Motion to Dismiss.

## II. Analysis

### A. Legal Standard

In order to prevail on his Motion to Vacate, Hall must show that (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the Court was without jurisdiction to impose such sentence, or (3) that his sentence exceeded the maximum authorized by law. 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law" regarding the petitioner's motion. 28 U.S.C. § 2255(b). However, ultimately, the petitioner must establish that he is entitled to relief by a preponderance of the evidence. *See, e.g.*, *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

The Federal Rules of Civil Procedure are applicable to the court's consideration of a Section 2255 motion to the extent that they do not conflict with any other statutory provisions or

2

Case 7:11-cr-00125-F   Document 271   Filed 10/01/15   Page 2 of 10

the procedural rules specifically applicable to Section 2255 motions. Rules Governing § 2255 Proceedings, Rule 12. Therefore, in reviewing the Government's Motion to Dismiss, the court will apply the standard that generally applies to motions brought pursuant to Rule 12(b)(6).

In order to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, while a court must accept all the factual allegations contained in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* The court may also consider documents that are part of the public record, *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), and in the context of a Section 2255 motion, "the files and records of the case[,]" 28 U.S.C. § 2255(b).

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a complaint to a two-part test. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory in nature or nothing more than a formulaic recitation of the elements of a claim. *Iqbal*, 556 U.S. at 679. Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly suggest[s] an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief'" *Id.* If a party fails to show that they are entitled to relief, the court must dismiss the deficient claims.

3

### B. Timeliness

The Government argues that the Motion to Vacate should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules because Hall failed to state a claim upon which relief may be granted. Specifically, the Government contends that Hall filed his motion outside the one-year statute of limitations governing § 2255 claims. Ordinarily, a court will not address an affirmative defense such as the statute of limitations when resolving a 12(b)(6) motion. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). However, it may do so if all of the facts necessary to rule on the affirmative defense "clearly appear on the face of the complaint." *Id.* In this case, the Motion to Vacate contains sufficient information to establish that Hall's Motion was not filed in a timely manner.

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations. The limitations period runs from the latest of four possible dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Section 2255(f)(1) bars Hall's claim for relief because he filed the Motion to Vacate more than a year from the date on which his judgment of conviction became final. Although Hall filed an appeal to his sentence, that appeal was untimely as it was filed on December 23, 2013—more

4

than a year after his judgment. *See* Fed R. App. P. 4(b)(1), (4) (requiring a criminal defendant to appeal a sentence within 14 days of judgment, unless the court grants a Motion for Extension of Time). This untimely notice of appeal does not restart the one-year limitations period. *Fair v. United States*, No. 5:08-CV-146-V-1, 5:03-CR-55-2-V, 2009 WL 159802, at *1 (W.D.N.C. Jan. 22, 2009); *Reynolds v. United States*, No. 3:06-CV-401-2F, 3:04-CR-107-1F, 2007 WL 274804, at *4 (W.D.N.C. Jan. 26, 2007).

Accordingly, to be considered timely, Hall's Motion to Vacate needed to be filed on or before August 3, 2013. *See* Fed. R. App. P. 4(b); *Clay v. United States*, 537 U.S. 522, 524–25 (2003) (holding conviction becomes final after the time period to appeal or seek review has expired); *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (stating that "since [petitioner] did not file a direct appeal, his conviction became final for purposes of § 2255 subsection (1)," on the date "upon which he declined to pursue further direct appellate review"). However, he did not file his Motion to Vacate until October 24, 2013, which means that the statute of limitations bars his claim for relief.

Nonetheless, Hall argues that his Motion to Vacate is timely under Section 2255(f)(4), which provides a petitioner with one year to file a petition from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Under his theory, the *Simmons* decision created a new fact in support of his claim for relief, namely, the state law offenses he was convicted of were no longer considered felonies under federal law.

It is, of course, true that a decision vacating "a prior state conviction used to enhance a federal sentence can start the one-year limitation period under the fourth alternative of the Section 2255 rule." *Johnson v. United States*, 544 U.S. 295, 302 (2005); *United States v. Gadsen*,

5

332 F.3d 224 (4th Cir. 2003). But this exception is limited to circumstances in which the defendant's own conviction was vacated. *Johnson*, 544 U.S. at 304 ("This case presents the distinct issue of how soon a prisoner, *successful in his state proceeding*, must challenge the federal sentence in § 2255." (emphasis added)); *Gadsen*, 332 F.3d at 227 ("[T]he relevant 'fact' … is the fact that *Gadsen's prior state conviction* has been conclusively invalidated." (emphasis added)). As a result of the limited nature of the exception, courts have consistently held that the general change in the law effected by *Simmons* does not constitute a "fact" for the purposes of Section 2255(f)(4). *See Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014) (en banc); *McLeod v. United States*, No. 5:12-cv-622, 2013 WL 831633 (E.D.N.C. Mar. 6, 2013); *Farmer v. United States*, No. 5:02–CR–131–BO, 2012 WL 5835524, at *1 n.1 (E.D.N.C. Nov. 16, 2012); *United States v. Hardison*, No. 4:11–CV–196–FL, 4:08–CR–77–FL–2, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011).

Hall's argument is based upon a general change in the law and not a state court decision vacating his underlying criminal convictions. As a result, he cannot rely upon *Simmons* to trigger the one-year limitations period in Section 2255(f)(4) that would result in his petition being filed in a timely basis. Hall's Motion to Vacate should therefore be dismissed as untimely.

    **C.**    **Hall's Claim Pursuant to *United States v. Simmons***

Hall argues that he is entitled to relief because the court violated *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), by incorrectly taking into account prior state court proceedings not punishable by more than one year during his sentencing. The Government contends that this argument should be dismissed because Hall's sentence was within the statutory range and because he did not receive any Section 851 enhancements. After review, the court

6

Case 7:11-cr-00125-F   Document 271   Filed 10/01/15   Page 6 of 10

concludes that the Government is correct in its assertion that *Simmons* is inapplicable to the case at hand.

In *Simmons*, the Fourth Circuit held that when "deciding whether to enhance federal sentences based on prior North Carolina convictions, … [courts look] to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history." *United States v. Powell*, 691 F.3d 554, 556 (4th Cir. 2012). The court did not enhance Hall's sentence on the basis of any prior predicate state court conviction. Instead, his prior offenses were only used to calculate his criminal history score. Therefore, the rule of *Simmons* is inapplicable. *See White v. United States*, No. 4:06-CR-068-FL-1, 2013 WL 97414, at *3 (E.D.N.C. Jan. 8, 2013) (stating that the extent to which prior offenses affect a criminal history score is "an issue which is entirely distinct from the statutory and guidelines 'enhancements' potentially implicated by *Simmons*").

Even if *Simmons* had bearing on Hall's case, he would not be entitled to relief because he received a sentence within the statutory range prescribed by Congress for his offense. Section 2255 only provides relief "in cases in which 'the sentence was in excess of the maximum authorized by law.'" *United States v. Pregent*, 190 F.3d 278, 284 (4th Cir. 1999). Generally, claims of sentencing errors in the calculation of Sentencing Guidelines are not cognizable claims in Section 2255 proceedings unless they amount to "miscarriages of justice." *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999); *see also Pregent*, 190 F.3d at 283–84. In this case, the minimum sentence of imprisonment allowed by law is 5 years, and the maximum sentence allowed by law is 40 years. 21 U.S.C. § 841(b)(1)(B). The court originally sentenced Hall to 72 months—or 6 years—of imprisonment (D.E. 187), a term of imprisonment which is

7

well within the statutory range. Therefore, Hall's Motion to Vacate should be dismissed and the Government's Motion to Dismiss should be granted.

> D. **Hall's Claim Pursuant to** *Alleyne v. United States*

Hall, relying on *Alleyne v. United States*, 133 S.Ct. 2151 (2013), argues that he is entitled to relief because the court did not submit facts used to increase his minimum penalty to a jury during his sentencing hearing. The Government asserts that Hall cannot rely on *Alleyne* because (1) *Alleyne* is not retroactively applicable, and (2) Hall triggered the statutory minimum time of imprisonment because he pled guilty. The court concludes that Hall's Motion to Vacate should be dismissed because *Alleyne* has no bearing on his case, and even if it did, it is not retroactively applicable to cases on collateral review.

In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum penalty for an offense must be submitted to the jury. *Alleyne*, 133 S.Ct. at 2155. However, the Supreme Court noted that the holding did "not mean that any fact that influences judicial discretion must be found by a jury." *Id.* at 2163. Even after *Alleyne*, a judge has "broad discretion … to select a sentence within the range authorized by law." *Id.*

The statutory sentence for conspiracy to distribute and possess with the intent to distribute 28 grams or more of cocaine base is between 5 and 40 years of imprisonment. 21 U.S.C. § 841(b)(1)(B). Hall's original sentence of 72 months is within that statutory range and there are no facts in his case that, by law, increased the penalty for his crime. Even if *Alleyne* was relevant to Hall's case, it is not applicable to cases on collateral review. *United States v. Stewart*, 540 F. App'x 171, 172 n.1 (2013) (per curiam). Therefore, Hall's Motion to Vacate on grounds that the court violated *Alleyne* should be dismissed.

8

Case 7:11-cr-00125-F   Document 271   Filed 10/01/15   Page 8 of 10

### E. Hall's Claim Pursuant to the Fair Sentencing Act

Hall further contends that his sentence should be amended because the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, reduced the mandatory minimum sentence for crimes involving cocaine base. The Government asserts that the Fair Sentencing Act is inapplicable because Hall was sentenced after it took effect. The court determines that Hall's sentence should not be amended because the Fair Sentencing Act was in effect at the time he was sentenced.

The Fair Sentencing Act, which took effect on August 3, 2010, reduced the mandatory minimum sentence for offenses involving cocaine base. *Dorsey v. United States*, 132 S.Ct. 2321, 2326 (2012). In order to conform to the Act, the United States Sentencing Commission promulgated permanent Sentencing Guideline amendments on November 1, 2011. *Id.* at 2329. The court sentenced Hall under the 2011 Sentencing Guidelines (PSR at 13, D.E. 162), which reflected the Fair Sentencing Act amendments. U.S. Sentencing Comm'n, *Guidelines Manual* (Nov. 2011). Therefore, Hall was sentenced pursuant to the Fair Sentencing Act and his Motion to Vacate on grounds that he was not should be dismissed.

## III. Conclusion

For the foregoing reasons, the undersigned recommends that the court deny Hall's Motion to Vacate (D.E. 225) and grant the Government's Motion to Dismiss (D.E. 241).

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the Memorandum and Recommendation on petitioner to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to

9

Case 7:11-cr-00125-F   Document 271   Filed 10/01/15   Page 9 of 10

which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, petitioner will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins***, 766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: September 30, 2015

*Robert T Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge